1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                         FOR THE DISTRICT OF ARIZONA
8
9  Lucas Lee Gritts,                    )    No. CV 06-1773-PHX-EHC
                                        )
10            Petitioner,                )    **ORDER**
                                        )
11  vs.                                  )
                                        )
12                                       )
   Mary Hennessy, et al.,               )
13                                       )
              Respondents.               )
14                                       )
                                        )
15

16        Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. 1) pursuant to 28 U.S.C.
17 § 2254.  Petitioner contends that his sentence, following a plea of guilty, violates his Sixth
18 Amendment rights because he was sentenced to aggravated terms based upon factors that
19 were not found by a jury or admitted by him.  See Blakely v. Washington, 542 U.S. 296
20 (2004).  Magistrate Judge Burns issued a Report and Recommendation (Dkt. 13)
21 recommending that Petitioner's writ be denied.  Petitioner filed an Objection (titled
22 "Response to Report and Recommendation") (Dkt. 14), and Respondents filed a
23 Response to Petitioner's Objection (Dkt. 15).
24        The Court reviews *de novo* the portions of the Magistrate Judge's Report and
25 Recommendation to which Petitioner has filed an objection.  28 U.S.C. § 636(b)(1)(C)("a
26 judge of the court shall make a de novo determination of those portions of the report, ...,
27 to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114,
28 1121 (9th Cir. 2003).  The district court is not required to review any issue that is not the

subject of an objection.  Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v. Arn, 474 U.S. 140, 149 (1985).

The Court has reviewed *de novo* the record in this matter and agrees with the Report and Recommendation of the Magistrate Judge regarding disposition.  "[T]he 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant*.'" Blakely, 542 U.S. at 303 (emphasis in original).  Once one aggravating factor is found, "the statutory maximum then becomes not the presumptive term, but the maximum aggravated sentence allowed by the relevant sentencing statute." (Dkt. 13, at 4).  Under the Arizona's statutory sentencing scheme, A.R.S. §13-702, Petitioner's prior conviction is itself a sufficient aggravating factor to allow him to be sentenced up to the statutory maximum.  See A.R.S. § 13-702(C) (defendant's prior conviction of a felony is an aggravating circumstance that need not be determined by the trier of fact).  Even without that factor, however, Petitioner admitted to three other aggravating factors: the presence of an accomplice; committing the offenses for pecuniary gain; and the number of victims.  See Dkt. 13, at 5; A.R.S. §§ 13-702(C)(4), 13-702(C)(6), 13-702(C)(20).  Each one of these factors would also authorize imposition up to the maximum sentence.

Accordingly,

**IT IS ORDERED** adopting in full the Magistrate Judge's Report and Recommendation (Dkt. 13).

**IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

DATED this 29th day of January, 2008.

Earl H. Carroll
United States District Judge

- 2 -